JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ITPEU Pension Fund, et al.

## DEFENDANTS
NMS Management, Inc.

**(b)** County of Residence of First Listed Plaintiff: Union County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Susan A. Murray, Esq. - Freedman & Lorry, P.C.
1601 Market St., Suite 1500, Philadelphia, PA 19103
smurray@freedmanlorry.com, (215) 931-2506

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 1132 and 1145
Brief description of cause:
Collection of contractually obligated contributions owed to the benefit funds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/20/2019

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FREEDMAN AND LORRY, P.C.
BY: SUSAN A. MURRAY, ESQUIRE
(SM-7713)
1601 Market Street, 15th Floor
Philadelphia, PA 19103
(215) 931-2506                                              Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ITPEU PENSION FUND, by and through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and JERRY BOWDEN 216 North Ave. East, 2nd Fl. Cranford, NJ 07016 | CIVIL ACTION |
| and | |
| ITPEU ANNUAL BENEFIT FUND, by and Through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and JOHN MORGAN 216 North Ave., East, 2nd Fl. Cranford, NJ 07016 | |
| and | |
| ITPEU HEALTH AND WELFARE FUND, by and Through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and HAROLD E. GELBER 25 Chatham Center South, Suite 100 Savannah, GA 31405 | |
| Plaintiffs, | |
| v. | |
| NMS MANAGEMENT, INC. 155 W. 35th Street, Suite A National City, CA 91950 | |
| and | |
| PENTAD CORPORATION 8925 W. Post Road, Suite 210 Las Vegas, NV 89148 | |
| Defendants. | |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendants as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under LMRA 29 U.S.C. §185(a), ERISA 29 U.S.C. § 1132 and 29 U.S.C. §1145 and the pendent jurisdiction of the Court.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the United States District Court for the District of New Jersey under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff, ITPEU Pension Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Jerry Bowden ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "Employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (2), and (3). Dennis Arrington and Jerry Bowden are trustees and fiduciaries with respect to the Pension Fund within the meaning of 29 U.S.C.§ 1002 (21). They are authorized to bring this action on behalf of all Trustees of the Pension Fund. The Pension Fund is administered in the District of New Jersey, at the address listed in the caption.

5. Plaintiff, ITPEU Annual Benefit Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and John Morgan ("Annual Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "Employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), and (3). Dennis Arrington and John Morgan are trustees

and fiduciaries with respect to the Annual Fund within the meaning of 29 U.S.C.§ 1002 (21). They are authorized to bring this action on behalf of all Trustees of the Annual Fund. The Annual Fund are administered in the District of New Jersey, at the address listed in the caption.

6. Plaintiff, ITPEU Health and Welfare Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Harold E. Gelber ("Welfare Fund" hereinafter, with Plaintiffs collectively called the "Funds") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "Employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), and (3). Dennis Arrington and Harold E. Gelber are trustees and fiduciaries with respect to the Welfare Fund within the meaning of 29 U.S.C.§ 1002 (21). They are authorized to bring this action on behalf of all Trustees of the Welfare Fund. The Welfare Fund is administered at the address listed in the caption.

7. Defendant NMS Management, Inc. is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business address as listed in the caption.

8. Defendant Pentad Corporation is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) which is registered in Las Vegas, Nevada with a registered agent located at the address listed in the caption. Defendants NMS Management, Inc. and Pentad Corporation will be hereinafter referred to as the "Employer" or "Defendants".

## FACTS

9. At all times relevant to this action, the Defendants were party to a collective bargaining agreement(s) with the ITPEU, OPIEU Local 4873, AFL-CIO (singly or jointly, "Labor Contract"). Pursuant to the terms of the contract, the Defendants identified themselves as a single

3

entity for purposes of the Labor Contract, identifying themselves as "Company". A true and correct copy of the Labor Contract is hereto attached as Exhibit "1."

10. The Employer also signed or agreed to abide by the terms of the Declaration of Trust for each of the Funds as from time to time amended ("Trust Agreements"), creating the Funds, made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

11. Under the Labor Contract or Trust Agreement, the Employer agreed:

(a) To make full and timely payments on a monthly basis to the Funds;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract or Trust Agreement;

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Employer's corporate records concerning its obligations to the Funds; and

(d) To pay interest and liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

12. The Employer failed to submit contributions and remittance reports to the Pension Fund for April 2019, May 2019, June 2019, and July 2019 for the AntiSubmarine Warfare facility, San Diego Navy bases, and Lemoore Naval Air Bases. Based upon the monthly contributions made in previous months, the Employer owes the Pension Fund an estimated amount of $18,400.00 in contributions for the months of April 2019, May 2019, June 2019, and July 2019 for the three bases, plus liquidated damages, interest for this time period, and ongoing interest.

13. The Employer paid contributions to the Pension Fund late for the months of December 2018, January 2019, February 2019, and March 2019 accruing interest in the amount of $606.16 which is outstanding. Interest was calculated from the date payment of the contribution was due to the date of actual payment. A breakdown of the accrued interest due to the Pension Fund is attached as Exhibit '2.'

14. The Employer failed to submit contributions and remittance reports to the Annual Fund for June 2019 and July 2019 for the Lemoore, CA facility. Based upon the monthly contributions made in previous months, the Employer owes the Annual Fund an estimated amount of $5,000.00 in contributions for the months of June 2019 and July 2019, plus liquidated damages, interest for this time period, and ongoing interest.

15. The Employer paid contributions to the Annual Fund late for the months of April 2019 and May 2019 accruing interest in the amount of $32.12 which is outstanding. Interest was calculated from the date payment of the contribution was due to the date of actual payment.

16. The Employer failed to submit contributions and remittance reports to the Welfare Fund for June 2019 and July 2019 for the Lemoore, CA and San Diego, CA facilities. Based upon the monthly contributions made in previous months, the Employer owes the Health and Welfare Fund an estimated amount of $43,100.00 in contributions for the months of June 2019 and July 2019, plus liquidated damages, interest for this time period, and ongoing interest.

17. Employer paid contributions to the Welfare Fund late for the months of February 2019, March 2019, April 2019, and May 2019 accruing interest in the amount of $2,046.39 which is outstanding. Interest was calculated from the date payment of the contribution was due to the date of actual payment. True and correct copies of interest letters sent to the Employer from the Welfare Fund is attached as Exhibit '3.'

18. On July 2, 2019, Fund Counsel sent a demand letter to the Employer on behalf of the Pension Fund. The Employer did not respond to the letter. On July 15, 2019, Fund Counsel sent a second notice demand letter to the Employer on behalf of the Pension Fund. The Employer did not respond to the letter. On July 30, 2019, Fund Counsel sent a final notice demand letter on behalf of the Pension Fund. The letters demanded payment within ten days of the date of the letter. To date, the Pension Fund has not received payment of the outstanding contributions or the corresponding remittance reports. A true and correct copy of the July 2, 2019 letter is hereto attached as Exhibit '4.' A true and correct copy of the July 15, 2019 letter is hereto attached as Exhibit '5.' A true and correct copy of the July 30, 2019 letter is hereto attached as Exhibit '6.'

## COUNT I
## CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN

19. The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

20. The Employer owes the Pension Fund an estimated amount of at least $18,400.00, due under the Labor Contract in contributions.

21. The Employer owes the Pension Fund the sum of $606.16 in interest demanded but not paid for the months of December 2018, January 2019, February 2019, and March 2019.

22. The Employer owes the Annual Fund an estimated amount of at least $5,000.00, due under the Labor Contract in contributions.

23. The Employer owes the Annual Fund the sum of $32.12 in interest demanded but not paid for the months of April 2019 and May 2019.

24. The Employer owes the Welfare Fund an estimated amount of at least $43,100.00, due under the Labor Contract in contributions.

25. The Employer owes the Welfare fund the sum of $2,046.39 in interest demanded but not paid for the months of February 2019, March 2019, April 2019, and May 2019.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Employer and in favor of the Pension Fund for at least $19,006.16, in favor of the Annual Fund for at least $5,032.12, and in favor of the Welfare Fund for at least $45,146.39, plus any delinquencies incurred during the pendency of this action, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II
## CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

26. The allegations of Paragraphs 1 through 25 are incorporated by reference as if fully restated.

27. The Employer has failed to pay contributions to the Funds in violation of 29 U.S.C. §1145.

28. The Employer owes the Pension Fund at least the sum of $18,400.00; as well as the Annual Fund at least the sum of $5,000.00 and the Welfare Fund at least the sum of $43,100.00 in contributions, interest, and liquidated damages due under the Labor Contract. In addition, Employer has failed to submit remittance reports in violation of the labor contract and trust agreements.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Employer and in favor of the Pension Fund for at least $18,400.00, in favor of the Annual Fund for at least $5,000.00, and in favor of the Welfare Fund for at least $43,100.00 plus any additional contributions incurred during the pendency of this action, together with interest, liquidated damages provided by the documents governing the Funds or ERISA 29 U.S.C. §1132(g)(2) and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT III
## AUDIT

29. The allegations of Paragraphs 1 through 28 are incorporated by reference as if fully restated.

30. The Employer is obligated to permit the Funds to audit the Employer's records and to cooperate in determining the contributions due the Funds.

31. The amount of contributions the Employer is required to pay to the Funds is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

32. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Employer's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Employer. In addition, an audit is warranted due to the chronic late payments made by the Employer.

33. Computation of the precise amount of an Employer's delinquency is normally achieved by an audit of the Employer's books and records and/or calculated from contractually required remittance reports submitted by the Employer.

34. The Employer is required by the Labor Contract, Trust Agreements or applicable law to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds.

35. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the Employer's failure to cooperate.

36. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(a) Enjoin the Employer, the Employer's officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of <u>all</u> records under the actual or constructive control of the Employer and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and;

(b) Grant such other or further relief, legal or equitable, as is just, necessary or appropriate.

## COUNT IV
## CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

37. The allegations of Paragraphs 1 through 36 are incorporated by reference as if fully restated.

38. On information and belief, the Employer has failed to make contributions to the Funds as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

39. On information and belief, the Funds have been damaged by the failure of the Employer to make contributions as required by its Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(a)   After an audit, enter judgment against the Employer in favor of the Funds for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(b)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V
## CONTRIBUTIONS UNDER ERISA AFTER AUDIT

40.   The allegations of Paragraph 1 through 39 are incorporated by reference as if fully restated.

41.   On information and belief, the Employer has failed to make contributions to the Funds in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

42.   The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Employer's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Employer.

43.   On information and belief, the Funds have been damaged by the Employer's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(a)   After an audit, enter judgment against the Employer in favor of the Funds for contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by

the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

     (b)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

BY: _____
SUSAN A. MURRAY, ESQUIRE
Attorneys for Plaintiffs

Date: August 20, 2019

11